30952. ROGERS *v.* THE STATE.

GARDNER, J. 1. The assignment of error is to the overruling of a motion for new trial which contains the general grounds and one special ground. The victim and the defendant were alone at the time of the attack. The evidence for the State showed an aggravated and unjustifiable assault by the defendant. The defendant relied on his statement. The State introduced several witnesses, who appeared shortly after the attack. The evidence amply authorized the verdict. The general grounds are without merit.

2. The special ground complains because the court, in charging the principle of the Code, § 38-110, which reads as follows, "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt," used the word "direct" instead of the word "positive." It is contended that the State's evidence contained both positive and negative testimony, as

contemplated in Section 38-111, and that the court, in substituting the word "direct" for the word "positive" in instructing the jury as to reasonable doubt, deprived the defendant of having the jury consider the principle as applied to testimony of a positive witness and a witness who testifies negatively. In the first place, from the reading of the record we are unable to reach the conclusion that there was any material evidence on any material issue involving a witness or witnesses who testified on the one hand positively and on the other hand negatively. Therefore the principle of positive and negative testimony was not in the case. Be that as it may, and conceding the soundness of this contention on this point, we can not comprehend any harm, remotely, to the defendant by the court's instructions concerning the question of reasonable doubt in the use of the word "direct" instead of the word "positive," as contained in the Code section quoted. Technically speaking, the court should have used the word "positive," as contained in the statute, rather than the word "direct." We are clearly of the opinion that the jury was not influenced to the harm of the defendant by this substitution of a word so closely synonymous with the word "positive" as used in the statute. The distinction is academic only. For all practical purposes the words convey the same meaning.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 10, 1945.

*Stevens & Stevens,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.